```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

JEAN PORTER,                    )
                                )
         Plaintiff              )
                                )         No. 3:11-0134
v.                              )         Judge Nixon/Brown
                                )         **Jury Demand**
SPEAR USA and SPEAR USA, LLC,   )
                                )
         Defendant              )
```

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted:

**1. Jurisdiction:** Jurisdiction in this matter is asserted under 28 U.S.C. §§ 1331,1343, and is not in dispute. Plaintiff has asked the Court to take jurisdiction over the related state law claims as well.

**2. Plaintiff's Theory of the Case**: Plaintiff alleges that she began working for Defendants' predecessor Precision Printing and Packaging, Inc., approximately 14 years ago. Plaintiff is a black female over the age of 40 years. During the course of her employment Plaintiff has been the victim of discrimination and has sought assistance from the EEOC in EEOC numbers 253-2003-02589, 494-2006-00773, 494-2006- 00781, and 494-2007-01296. Plaintiff has also brought her claims to federal court. In April of 2008 Plaintiff settled her last case in mediation.

On or about October 21, 2008, 28 employees were laid off. Plaintiff was told by her supervisor to go back to bobbins run on a Titan machine. This was a machine Plaintiff had not used in

approximately two years. Because Plaintiff had not been on the machine in some time it took a few days to get used to the machine again. The operator, Denise Burney, began telling Plaintiff things to do that Plaintiff was already doing. Plaintiff wanted no trouble with her job and having seen this pattern before she went to a supervisor, Tommy Arms, to apprise him of the situation. He suggested talking to Burney so both Plaintiff and Arms went to do so. This upset Burney. Plaintiff was off work for the next two nights and upon her return on October 25, 2008, she was fired. Plaintiff alleges that she was subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, The Age of Discrimination in Employment Act as well as under the laws of the State of Tennessee, to wit: The Tennessee Human Rights Act, § 4-21-101, *et seq*. Plaintiff had had no problems at work from the time her case was settled until she was fired six months later. Plaintiff seeks damages from Defendant to include but, not limited to, compensatory damages, liquidated damages, lost wages and benefits, attorney fees and costs.

3. **Defendant's Theory of the Case:** Defendant Spear denies that Plaintiff was discriminated against or retaliated against in any manner. Plaintiff began her employment with Spear's predecessor, Precision Printing & Packaging, Inc., on January 31, 1994. At the time of her termination, Plaintiff was employed as a Grade 9 Packer/Helper in the Slitter Department. The Slitter is a piece of machinery that cuts large rolls of paper into bobbins and trims the edges so they are smooth on each side. As a

Packer/Helper, Plaintiff was responsible for assisting the Slitter Operator with problem resolution and quality issues during the production process. One critical piece of equipment in the Slitter Department is the Titan Slitter. SPEAR utilizes one operator and one or two Packer/Helpers per shift to operate. Around October 28, 2008, SPEAR significantly reduced its workforce, including a number of Packer/Helpers which thereby necessitated a reshuffling of its workforce. Therefore, on or around the evening of October 21, 2008, Plaintiff was assigned to work as a Packer/Helper on the Titan by her supervisor. Plaintiff complained about this assignment for more than 45 minutes. Plaintiff's supervisor explained to Plaintiff that her work on this machine was critical to the Company's operation. Nevertheless, Plaintiff refused to work as a Packer/Helper on the Titan.  At that point, Plaintiff approached another supervisor about the assignment. This supervisor reemphasized to Plaintiff that she was assigned to the Titan and was going to be responsible for assisting for the October 21, 2008 shift.  Thereafter, Plaintiff returned to the Slitter Department, but refused to assist the Operator in running the Titan. The supervisor observed Plaintiff's inappropriate and insubordinate behavior. Based upon Plaintiff's behavior on October 22, 2008, and her previous disruptive behavior, the decision was made to terminate her employment.

    **4.** **Identification of the issues:**

        a. Whether the facts support Plaintiff's contention of discrimination and

b. If Plaintiff can establish her claim of discrimination, is she also entitled to damages and in what amount?

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** Do we need any?

**6. Witnesses:**

a. Plaintiff's anticipated witnesses:
1. Jean Porter;
2. Denise Burney;
3. Tommy Arms;
4. Drew Goin;
5. Margaret Vanova;
6. Person familiar with pay Plaintiff has lost;
7. Person familiar with benefits Plaintiff has lost.

b. Defendant's Anticipated Witnesses:
1. Bobby Guy;
2. Tommy Arms;
3. Denise Burney;
4. Jean Porter;
5. Drew Goins.

**7. Initial disclosures and staging of discovery:**

a. Initial disclosures shall be made on or before May 18, 2011;

4

b. Fact discovery shall be complete by November 28, 2011;

c. Parties do not anticipate any expert witnesses;

d. Electronic discovery: The parties have elected to opt out of the standard order regarding electronically stored data and are working toward their own agreement on the issue.

e. Discovery Motions: Prior to filing any discovery related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. [The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.]

**8. Dispositive Motions:** Any dispositive motion shall be filed on or before **January 16, 2012**. Any response shall be filed on or before **February 17, 2012**. Any reply shall be filed on or before **March 2, 2012,** from reply. If a dispositive motion is filed before the cut off date, response and reply shall be moved up accordingly. The motion and response are limited to **25 pages** and the reply, if any, is limited to **five pages**, absence court permission for longer pleading.

**9. Other deadlines:** Any motions to amend to bring in additional parties shall be made by **September 1, 2011**;

**10. Subsequent Case Management Conference:** A subsequent telephonic case management conference shall be held on **September**

**22, 2011, at 10:00 a.m. with counsel calling in to the telephone number of (615) 695-2851** to speak with the Court.

      **11. Alternate Dispute Resolution:** The parties anticipate that this may be a case wherein alternate dispute resolution is appropriate. The parties shall report to the court on **August 21, 2012,** if they desire to engage in alternate dispute resolution.

      **12. Consent to trial before the Magistrate Judge:** At this time the parties do not consent to trial before the Magistrate Judge.

      **13. Target Trial Date:** This action is set for trial by jury and the estimated length of trial is two to three days. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **June 26, 2012, at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **June 15, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

      It is so **ORDERED**.

      /s/ Joe B. Brown
      JOE B. BROWN
      United States Magistrate Judge